UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

DANOIS ALLEN     Plaintiff

v.     Civil Action No. 3:23-cv-397-RGJ

UNIVERSITY OF LOUISVILLE     Defendants
PHYSICIANS, INC., UOFL HEALTH, INC.,
UOFL HEALTH-LOUISVILLE, INC.

\* \* \* \* \*

**MEMORANDUM OPINION & ORDER**

Defendants, University of Louisville Physicians, Inc., UofL Health, Inc., and UofL Health – Louisville, Inc.'s (collectively, "Defendants"), move to dismiss Plaintiff Danois Allen's claims. [DE 5]. Briefing is complete and the motion is ripe. [DE 6; DE 7]. For the reasons below, Defendants' motion to dismiss is GRANTED.

    **I.**     **BACKGROUND**

Danois Allen ("Allen") has been employed by Defendants since 2021 and currently holds the position of "Epic Principal Trainer." [DE 1-3, Amend. Compl. at 39].[1] In January 2022, Allen began to lodge complaints about his work environment and his supervisor, Ryan Davidson ("Davidson"). [*Id*. at 40].

First, Allen alleges that Defendants perpetuate a hostile work environment where he experiences "ongoing instances of disrespect and harassment." [*Id*.]. He alleges that his coworkers routinely speak over him and interrupt his conversations. [*Id*.]. He reports that several of his coworkers have filed Human Resources ("HR") complaints against him for unknown reasons, all

---

[1] An amended complaint was filed which maintained the claims alleged in the original complaint and added disability discrimination claims. [DE 1-1; DE 1-3].

1

of "which were ultimately determined to be false or lacking merit." [*Id*.]. Because of HR's failure to inform him of the complaints, his "professional and personal" reputations were damaged. [*Id*.].

Allen also alleges that Davidson continuously fails to address his complaints about the hostile work environment and its effect on his health. [*Id*. at 42]. Allen lodged a formal HR complaint against Davidson "around January 2023," after they had a "verbal altercation . . . in front of their colleagues." [*Id*. at 40–41]. HR chose not to investigate the incident. [*Id*.]. Several other employees have also lodged complaints against Davidson, but HR has not issued any disciplinary measures. [*Id*. at 41]. Allen further alleges that the failure to investigate his HR complaint is a product of racial and gender discrimination. [*Id*. at 43–44]. Allen claims that as an African American man, his complaints are ignored while those raised by his Caucasian and female coworkers are "thoroughly investigated and addressed." [*Id*.]. As a result of the working environment, Allen requested a transfer to a different department, which was granted. [*Id*. at 42]. He now works under the supervision of Jeffery Bean. [*Id*.]. However, Allen reports that the transfer did not alleviate his condition, in part because he is still subject to one-on-one meetings with Davidson. [*Id*.].

Allen's health has declined significantly over his employment tenure. [*Id*. at 39–41]. Although he started the job with a "clean bill of health," he has developed "PTSD, depression, anxiety, insomnia, high blood pressure, and severe hypertension." [*Id*. at 41]. As a result, he took Family and Medical Leave Act ("FMLA") leave from January to May 2023. [*Id*. at 40]. Upon returning to work, he was granted Americans with Disabilities ("ADA") accommodations. [*Id*.]. Allen also reports that he was subsequently hospitalized "due to work-related stress." [*Id*. at 41].

**II.     STANDARD**

Federal Rule of Civil Procedure 12(b)(6) instructs that a court must dismiss a complaint if the complaint "fail[s] to state a claim upon which relief can be granted[.]" Fed. R. Civ. P. 12(b)(6). To state a claim, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). When considering a motion to dismiss, courts must presume all factual allegations in the complaint to be true and make all reasonable inferences in favor of the non-moving party. *Total Benefits Plan. Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008) (citation omitted). "But the district court need not accept a bare assertion of legal conclusions." *Tackett v. M&G Polymers, USA, LLC*, 561 F.3d 478, 488 (citation omitted). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted).

To survive a motion to dismiss, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). "A complaint will be dismissed . . . if no law supports the claims made, if the facts alleged are insufficient to state a claim, or if the face of the complaint presents an insurmountable bar to relief." *Southfield Educ. Ass'n v. Southfield Bd. Of Educ.*, 570 F. App'x 485, 487 (6th Cir. 2014) (citing *Twombly*, 550 U.S. at 561-64).

Ordinarily, a district court may not consider matters beyond the complaint when reviewing a motion to dismiss. *Winget v. JP Morgan Chase Bank, N.A.*, 537 F.3d 565, 576 (6th Cir. 2008).

Considering evidence outside the complaint "effectively converts the motion to dismiss to a motion for summary judgment." *Id.*; *see also Kostrzewa v. City of Troy*, 247 F.3d 633, 643 (6th Cir. 2001). However, a court may consider a document that is not formally incorporated by reference in a complaint or attached in a defendant's motion to dismiss if the complaint refers to the document, the document is central to the claims, and the document is not insufficiently mentioned or tangential to a claim." *Finley v. Kelly*, 384 F. Supp. 3d 898, 908 (M.D. Tenn. 2019); *Amini v. Oberlin Coll.*, 259 F.3d 493, 502 (6th Cir. 2001) (holding district court erred in failing to consider plaintiff's Equal Employment Opportunity Commission charge when deciding a motion to dismiss the complaint).

### III.     ANALYSIS

Allen alleges various claims against Defendants under federal statutes and their state law counterparts. The Court addresses each separately.

#### A.     *Gender and Racial Discrimination Claims*

Allen brings both gender and racial discrimination claims against Defendants under Title VII and KRS § 344.[2] The central inquiry of a Title VII claim is whether an employer discriminated against an employee because of their race, color, religion, sex, or national origin. *Primm v. Dept. of Hum. Servs.*, No. 16-6837, 2017 WL 10646487, at *2 (6th Cir. Aug. 17, 2017) (quoting 42 U.S.C. § 2000e–2(a)(1)). A plaintiff asserting a federal employment discrimination claim need not plead facts establishing his *prima facie* case at the pleading stage. *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 510–11 (2002) ("The prima facie case under *McDonnell Douglas* . . . is an evidentiary standard, not a pleading requirement. . . [c]onsequently, the ordinary rules for

---

[2] Discrimination claims under the Kentucky Civil Rights Act are evaluated under the same standards as Title VII claims. *Cimbalo v. BASF Corp.*, No. 3:21-CV-309-DJH, 2022 WL 696798, at *5 (W.D. Ky. Mar. 8, 2022) (citing *Roof v. Bel Brands USA, Inc.*, 641 F. App'x 492, 497 (6th Cir. 2016)). Thus, the Court's analysis applies with equal force to Allen's state law discrimination claims.

assessing the sufficiency of a complaint apply.") (internal quotations and citations omitted); *see also Lee v. Vanderbilt Univ.*, No. 22-5607, 2023 WL 4188341, at *3–4 (6th Cir. June 22, 2023) (holding that failure to plead one element of a *prima facie* discrimination claim is not proper grounds for dismissal if "the facts alleged in the complaint, taken together, are sufficient to raise a right to relief above the speculative level") (internal quotation omitted)). However, courts may look to the elements of a given claim to determine whether a plaintiff's complaint satisfies the plausibility standard. *Brown v. Wormuth*, No. 3:21-CV-037-CHB, 2022 WL 4449331, at *3 (W.D. Ky. Sept. 23, 2022). "Put differently, to 'survive a motion to dismiss under Rule 12(b)(6), a complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory.'" *Dillworth v. Wormuth*, No. 3:20-CV-629-CHB, 2021 WL 5749097, at *12 (W.D. Ky. Dec. 2, 2021) (quoting *Vandine v. Trinity Health Sys.*, No. 2:14-cv-1242, 2015 WL 5216715, at *4 (S.D. Ohio Sep. 8, 2015).

To establish a *prima facie case* of discrimination under Title VII, a plaintiff must show that:

> (1) he is a member of a protected class; (2) he was qualified for the job and performed it satisfactorily; (3) despite his qualifications and performance, he suffered an adverse employment action; and (4) he was replaced by a person outside the protected class or was treated less favorably than a similarly situated person outside of his protected class.

*Laster v. City of Kalamazoo*, 746 F.3d 714, 727 (6th Cir. 2014) (citation omitted); *see also Briggs v. Univ. of Cincinnati*, 11 F.4th 498, 508 (6th Cir. Aug. 26, 2021).

Defendants argue that Allen has alleged no facts to show that he suffered an adverse employment action. [DE 5 at 86–91]. Allen argues that he suffered three distinct adverse employment actions: "(1) Plaintiff was compelled to take FMLA (Family and Medical Leave Act) leave . . . ;(2) Upon returning to work, Plaintiff was obligated to file for ADA (Americans with

Disabilities Act) due to persistent disrespect and harassment from Defendants. . . ."; and "(3) [t]hese distressing circumstances imposed by Defendants led to a severe decline in Plaintiff's health, resulting in diagnoses of PTSD, depression, anxiety, insomnia, high blood pressure, and severe hypertension." [DE 6 at 118].

The Sixth Circuit defines an adverse employment action as a "materially adverse change in the terms and conditions of [plaintiff's] employment." *Smith v. City of Salem*, 378 F.3d 566, 575 (6th Cir. 2004) (quoting *Hollins v. Atlantic Co.*, 188 F.3d 652, 662 (6th Cir. 1999)). They are "typically marked by a 'significant change in employment status,' including 'hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits.'" *Spees v. James Marine, Inc.*, 617 F.3d 380, 391 (6th Cir. 2010) (quoting *White v. Burlington N. & Santa Fe Ry. Co.*, 364 F.3d 789, 795 (6th Cir. 2004) (en banc)). Courts have held that failure to investigate a plaintiff's internal complaints, standing alone, does not constitute an adverse employment action. *See Fincher v. Depository Tr. and Clearing Corp.*, 604 F.3d 712, 721 (2d Cir. 2010) ("[A]t least in a run-of-the-mine case such as this one, an employer's failure to investigate a complaint of discrimination cannot be considered an adverse employment action taken in retaliation for the filing of the same discrimination complaint."); *Johnson v. ITT Corp.*, No. 1:10-CV-142, 2011 WL 3875598, at *6 (N.D. Ind. Sept. 1, 2011) (holding defendant employer's failure to investigate plaintiff's internal complaint was not an adverse employment action because it was not a "quantitative or qualitative change in the terms or conditions of his employment") (internal quotation and citation omitted)); *see also Seoane-Vazquez v. Ohio State Univ.*, 577 F. App'x 418 (6th Cir. 2014) ("A failure to investigate a complaint can constitute an act of retaliation under some circumstances—for example, if the

failure is in retaliation for some separate, protected act by the plaintiff, apart from the uninvestigated complaint itself.") (internal quotation and citation omitted).

None of the three actions identified by Allen pertain to the conditions of his employment. *See Smith*, 378 F.3d at 575.  Allen's choice to take FMLA and apply for ADA accommodations were not adverse employment actions under the Sixth Circuit's definition because (1) they are not actions taken by the employer, and (2) they did not affect his employment status. *See Spees*, 617 F.3d at 391.  A "voluntary, uncoerced decision" by a plaintiff "cannot be considered an adverse employment action." *See Creggett v. Jefferson Cnty. Bd. of Educ.*, 491 F. App'x 561, 567 (6th Cir. 2012) (holding plaintiff's independent decision to resign a committee position was not an adverse employment action).  Allen's third allegation—that he suffered adverse health consequences—is also not an employment action resulting in a "materially adverse change in the terms and conditions" of Allen's employment status. *Smith*, 378 F.3d at 575 (internal citation omitted).  The complaint alleges no facts to support an inference that Allen suffered any "disciplinary action, demotion, or change in job responsibilities" at the hands of Defendants. *Kuhn v. Washtenaw Cnty.*, 709 F.3d 612, 626 (6th Cir. 2013) (holding that an internal investigation into plaintiff that did not change the form or conditions of his employment was not an adverse employment action capable of giving rise to a discrimination claim).  On the contrary, Allen's request to laterally transfer departments was granted.  [DE 1-3 at 42].

Even if Allen had alleged facts sufficient to support an inference of an adverse employment action, his complaint would still fail to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.  Allen makes one explicit allegation each of racial and gender discrimination: that Defendants treated his HR complaints less seriously than those made by his Caucasian and female coworkers. [*See* DE 1-3 at 43–44].  The compliant does not identify these

7

other coworkers or describe the basis of their complaints. *See Sam Han v. Univ. of Dayton*, 541 F. App'x 622, 627 (6th Cir. 2013) (holding dismissal of discrimination claim was proper when "[p]laintiff conclude[d] that he was treated less-favorably than non-Asian-American employees and was treated less-favorably than other similarly-situated female employees, but [] ha[d] offered no specifics regarding who those employees were or how they were treated differently"). In short, Allen alleges no facts, beyond the conclusory assertions of discrimination, from which a reasonable person could infer that Defendants ignored Allen's internal complaints because of his race or gender. *See id.*("Factual allegations must do more than create a speculation or suspicion; they must show entitlement to relief."). Thus, Allen's gender and racial discrimination claims must be dismissed.

    B.    *Hostile Work Environment Claims*

Allen claims that Defendants subjected him to a hostile work environment.[3] To establish a *prima facie* hostile work environment claim a plaintiff must show: (1) they belong to a protected class; (2) they were subjected to harassment, either through words or actions, based on a protected class; (3) the harassment had the effect of unreasonably interfering with their work performance and creating an objectively intimidating, hostile, or offensive work environment; and (4) there exists some basis for liability on the part of the employer. *See Gallagher v. C.H. Robinson Worldwide, Inc.*, 567 F.3d 263, 270 (6th Cir. 2009). As with other Title VII claims, plaintiffs need not establish all the elements of a *prima facie* case to survive a motion to dismiss. *Ogbonna-McGruder v. Austin Peay State Univ.*, No. 23-5557, 2024 WL 333636, at *3 (6th Cir. Jan. 30,

---

[3] Allen brings claims under both Title VII and state law. A claim for hostile work environment brought under the Kentucky Civil Rights Act ("KCRA") is analyzed under the same standards as a Title VII claim. *See Altenstadter v. Fibreworks Corp.*, No. 2010-CA-002187-MR, 2012 WL 28699, at *5 (Ky. Ct. App. Jan. 6, 2012) (citing *Meyers v. Chapman Printing Co., Inc.*, 840 S.W.2d 814, 821 (Ky. 1992)). Thus, the Court's analysis applies with equal force to Allen's state law claim.

8

2024). "Instead, a plaintiff asserting a hostile work environment claim must allege that her 'workplace is permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe and pervasive to alter the conditions of the victim's employment and create an abusive working environment.'" *Id.* (quoting *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 116 (2002)). The alleged harassment must be "severe or pervasive enough to create an objectively hostile or abusive work environment—an environment that a reasonable person would find hostile or abusive[.]" *Gray v. Kenton Cnty.*, 467 S.W.3d 801, 805 (Ky. Ct. App. 2014) (citing *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21–22 (1993)).

To determine whether harassment is severe or pervasive courts will examine all circumstances, including: (1) the frequency of discriminatory conduct; (2) the severity of discriminatory conduct; (3) whether the discriminatory conduct was physically threatening or humiliating, or a mere offensive utterance; and (4) whether the discriminatory conduct unreasonably interfered with an employee's performance. *See Wilson v. Dana Corp.*, 210 F. Supp. 2d 867, 877 (W.D. Ky. 2002) (citing *Faragher v. City of Boca Raton*, 524 U.S. 775, 787–88 (1998)). The harassment must have been bad enough to adversely affect the employee's ability to do his or her job. *Id.*

To support his claim, Allen alleges two types of conduct: (1) that Defendants "specifically target[]" him and "subject[] him to differential treatment compared to all other employees" when investigating his internal complaints, and (2) that his coworkers repeatedly speak over and interrupt him. [DE 1-3 at 40–45].

As for the first category of conduct, the Supreme Court has held that under Title VII, a plaintiff may bring a claim alleging that either (1) an employer engaged in "discrete discriminatory acts" such as "termination, failure to promote, denial of transfer, or refusal to hire"; or (2) the

employer's "repeated conduct" created a hostile work environment. *Nat'l R.R.*, 536 U.S. at 114–115. The Sixth Circuit has held that "allegations of discrete acts may be alleged as separate claims, and as such 'cannot properly be characterized as part of a continuing hostile work environment.'" *Ogbonna-McGruder*, 2024 WL 333636, at *3 (quoting *Sasse v. U.S. Dep't of Lab.*, 409 F.3d 773, 783 (6th Cir. 2005). Allen alleges that he complained about a verbal altercation with Davidson and Defendants declined to discipline him. [DE 1-3 at 40-41]. This is more akin to a discrete act than a hostile environment claim. *See Clay v. United Parcel Serv., Inc.*, 501 F.3d 695, 708 (6th Cir. 2007) (holding that employer's refusal to remove the plaintiff from an unfavorable post was "more akin to a discrete act, which is decidedly not actionable as a hostile-work-environment claim").

Allen also claims his other general complaints about the work environment were similarly ignored. [DE 1-3 at 45]. However, "[a]n employee whose complaint is not investigated cannot be said to have thereby suffered a punishment for bringing that same complaint: [their] situation in the wake of [] having made the complaint is the same as it would have been had [they] not brought the complaint . . ." *Fincher v. Depository Tr. & Clearing Corp.*, 604 F.3d 712, 721 (2d Cir. 2010). Instead, a failure to investigate a complaint can itself be an act of retaliation if it is in response to "some separate, protected act by the plaintiff." *Seoane-Vazquez v. Ohio State Univ.*, 577 F. App'x 418, 433 (6th Cir. 2014) (quoting *Fincher*, 604 F.3d at 722). Allen identifies no separate act protected by Title VII for which Defendants could be retaliating against him.

As for the second category of alleged conduct, the facts in the complaint do not rise to the level of "severe or pervasive" conduct necessary to state a hostile work environment claim. First, Allen fails to allege any connection between his harassment and his status in a protected class. *See Micca v. Compass Grp. USA, Inc.*, No. 3:14-CV-693-CRS, 2015 WL 3407348 (W.D. Ky. May 26,

10

2015) (dismissing hostile work environment claim when plaintiff failed to establish facts showing the harassment was based on the plaintiff's protected status); *Colter v. Bowling Green-Warren Cnty. Regional Airport Bd.*, 2017 WL 5490920, at *6 (W.D. Ky. Nov. 15, 2017) (dismissing hostile work environment claim where plaintiff alleged no facts to suggest alleged conduct was related to his protected class); *see also Kalich v. AT & T Mobility, LLC*, 679 F.3d 464, 471 (6th Cir. 2012) ("[C]onduct that is demeaning or humiliating but that does not evidence hostility towards a protected class is not actionable[.]") (citation omitted). Even if he did, being spoken over and interrupted does not rise to the level of harassment that a "reasonable person would find hostile or abusive." *See Gray*, 467 S.W.3d at 805. Allen's complaints, taken as true, amount to a standard workplace dispute. *See Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006) (holding Title VII "does not set forth a general civility code for the American workplace") (internal quotation and citation omitted). Thus, Allen's hostile work environment claims must be dismissed.

    C.    *Retaliation Claims*

Plaintiff alleges that Defendants retaliated against him for filing complaints and utilizing FMLA leave by failing to investigate his complaints and compelling him to "resume working alongside" Davidson. [DE 1-3 at 46].

Title VII prohibits employers from discriminating against an employee because the employee has engaged in conduct protected by the act. *See Laster*, 746 F.3d at 729 (citing 42 U.S.C. § 2000e-3(a)).[4] To state a retaliation claim, Allen must show that (1) he engaged in a protected activity, (2) Defendants knew he engaged in the protected activity, (3) he suffered an adverse employment action, and (4) his protected activity was the but-for cause of the adverse

---

[4] Allen also brings a retaliation claim under the KCRA. Retaliation claims brought under the KCRA are evaluated under the same standard used to evaluate federal Title VII claims. *See Roof v. Bel Brands USA, Inc.*, 641 F. App'x 492, 496 (6th Cir. 2016). Thus, the Court's analysis applies with equal force to Allen's state law claim.

employment action. *Kenney v. Aspen Techs., Inc.*, 965 F.3d 443, 448 (6th Cir. 2020) (citations omitted). At the motion to dismiss stage, a plaintiff need not establish a *prima facie* case of retaliation. *Elliott v. Harvard Maint., Inc.*, No. 3:23-CV-00255-GNS, 2024 WL 55516, at *3 (W.D. Ky. Jan. 4, 2024) (citing *Keys*, 684 F.3d at 609). Nevertheless, the complaint "must allege sufficient factual content from which a court, informed by its judicial experience and common sense could draw a reasonable inference" that a plausible claim for relief has been established. *Keys*, 684 F.3d at 609–10 (quoting *Iqbal*, 556 U.S. at 678) (internal quotations omitted).

Taking all allegations as true, the first two prongs of Allen's retaliation claim are met. It is well established that "internal discrimination complaints to management represent conduct protected by Title VII." *Bender v. Gen. Dynamics Land Sys., Inc.*, No. 2:19-CV-13177, 2020 WL 4366049, at *7 (E.D. Mich. July 30, 2020) (citing *Laster*, 746 F.3d at 730). Further, Defendants knew of Allen's complaints because (1) the complaints were internal, and (2) they granted his request to transfer departments due to the working conditions. [DE 1-3 at 42].

As for the third prong, a plaintiff's burden of establishing a materially adverse employment action is "less onerous in the retaliation context than in the anti-discrimination context." *Michael v. Caterpillar Fin. Servs. Corp.*, 496 F.3d 584, 595-96 (6th Cir. 2007) (quoting *Burlington Northern & Santa Fe Ry. v. White*, 548 U.S. 53, 67– 71 (2006)). "To establish a materially adverse employment action for a retaliation claim, a plaintiff need only allege that 'a reasonable employee would have found the challenged action materially adverse,' meaning that 'it might well have dissuaded a reasonable worker from making or supporting a charge of discrimination.'" *Bender*, 2020 WL 4366049, at *7 (quoting *Laster*, 746 F.3d at 731).

Allen claims that Defendants retaliated against him by not investigating his complaints and requiring him to meet with Davidson. [DE 1-3 at 42]. Courts have rarely found that refusal to

address employee complaints, standing alone, can meet the adverse action standard. *See Bender*, 2020 WL 4366049, at *7 (finding that defendant's refusal to address plaintiff's complaints, along with placing her on a performance improvement plan, "could well dissuade any reasonable worker from pursuing a discrimination claim"); *Haire v. Farm & Fleet of Rice Lake, Inc.*, No. 21-CV-10967, 2022 WL 128815, at *10 (E.D. Mich. Jan. 12, 2022) (holding defendant's failure to take remedial action in response to plaintiff's complaints, coupled with the disclosure of her personal and confidential medical mental health information constituted a materially adverse action). Regardless, the Court need not decide whether Allen alleges sufficient facts to support this element because he fails to allege facts to support an inference of causation.

"A plaintiff fails to meet the causation requirement if the complaint 'does not allege any facts to support a causal link between her claimed protected activities and her [adverse employment actions].'" *Kinney v. McDonough*, No. 21-1414, 2022 WL 223633, at *7 (6th Cir. Jan. 26, 2022) (quoting *Koutsoukos v. Adecco USA, Inc.*, No. 16-2610, 2017 WL 5514558, at *2 (6th Cir. July 14, 2017) (alteration in original)). Allegations of temporal proximity between the protected conduct and the adverse action will not suffice. *See id.* As explained above, Allen's complaint fails to state facts that would support a conclusion that Defendants' treatment of his internal complaints was meant to punish him for filing them—as opposed to being based on a determination that they lacked merit. *See Supra* Part III.A. It alleges at most temporal proximity between his complaints and Defendants' failure to address them. [DE 1-3 at 42]. The 12(b)(6) standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. Allen has failed to state facts to meet this standard. *See Bender*, 2020 WL 4366049, at *7 (dismissing retaliation claim because "Plaintiff has not adequately pled this final element of her prima facie case for retaliation because her allegations concerning the causal link between lodging

13

her discrimination complaints and the alleged constructive discharge rest solely on temporal proximity"); *Wiler v. Kent State Univ.*, No. 5:20-CV-490, 2021 WL 809350 (N.D. Ohio Mar. 3, 2021) (dismissing retaliation claim because plaintiff failed to allege facts to infer that her employer chose not investigate her complaints in retaliation for filing them). Thus, Allen's retaliation claims must be dismissed.

   D. *Disability Discrimination Claims*

In his first amended complaint, Allen added disability discrimination claims under the ADA and state law. [DE 1-3 at 47]. Defendants argue that his ADA claim must be dismissed because he failed to exhaust his administrative remedies. [DE 5 at 98–100]. Allen claims that the facts listed in his Equal Opportunity Employment Commission ("EEOC") charge were broad enough to encompass an ADA claim, even though he did not specifically allege one. [DE 6 at 131–32].

 A plaintiff wishing to bring an ADA suit must first exhaust administrative remedies. *Jones v. Nat. Essentials, Inc.*, 740 F. App'x 489, 492–493 (6th Cir. 2018). Exhaustion requires plaintiffs, within 300 days of the alleged discrimination, to file a charge of discrimination with the EEOC and obtain a right-to-sue letter. 42 U.S.C. § 2000e-5(e)(1). The "charge must be sufficiently precise to identify the parties, and to describe generally the action or practices complained of.'" *Golden v. Mirabile Inv. Corp.*, 724 F. App'x 441, 445 (6th Cir. 2018) (quoting *Younis v. Pinnacle Airlines, Inc.*, 610 F.3d 359, 361 (6th Cir. 2010) (internal citation omitted)). This requirement serves to put employers on notice and gives the EEOC the opportunity to investigate or settle the dispute. *Id*. When considering whether a plaintiff adequately included a claim in their EEOC charge, courts construe the charge liberally, and "consider claims that are reasonably related to or grow out of the factual allegations in the EEOC charge." *Younis*, 610 F.3d at 362. When the facts

14

alleged in the charged claim would also "prompt the EEOC to investigate a different, uncharged claim, the plaintiff is not precluded from bringing suit on that claim." *Davis v. Sodexho*, 157 F.3d 460, 463 (6th Cir. 1998). "A 'bruised ego' or a 'mere inconvenience or an alteration of job responsibilities' is not sufficient to constitute an adverse employment action." *Id*.

Defendants claim Allen's ADA claim, which was added in the amended complaint, is not sufficiently related to the allegations in Allen's EEOC charge such that Defendants were put on notice of the claim.[5] [DE 5 at 98–100]. The Court looks to the language of the EEOC charge, which only describes allegations of discrimination based on race and gender, not disability. [DE 5-1, EEOC charge]. The charge makes no mention of any medical conditions or disabilities. [*Id*.]. It alleges that Plaintiff's "employee rights have continued to being [sic] violated on all levels without any intervention or protection" [DE 5-1 at 106], but this is too vague a statement to "prompt the EEOC to investigate" a claim of discrimination on the basis of disability. *Sodexho*, 157 F.3d at 463. Thus, Allen's ADA claim does not "reasonably relate[] to or grow out of the factual allegations" stated in the charge. *Younis*, 610 F.3d at 362.

Allen argues that Defendants were nevertheless on notice of his ADA claim because of the numerous internal complaints he has lodged throughout his tenure. [DE 6 at 132]. This misconstrues the *Younis* standard—an EEOC charge serves not only to put employers on notice, but also to give "the EEOC the opportunity to investigate or settle the dispute." 610 F.3d at 361. In short, the charge did not allege facts that would "prompt the EEOC to investigate" an ADA claim. *Sodexho*, 157 F.3d at 463. Thus, Allen did not exhaust his administrative remedies and his ADA claim must be dismissed.

---

[5] The Court may consider a plaintiff's EEOC charge without converting the motion into one for summary judgment because it is central to the claim alleged. *See Amini v. Oberlin Coll.*, 259 F.3d 493, 502 (6th Cir. 2001) (holding district court erred in failing to consider plaintiff's EEOC charge when deciding a motion to dismiss the complaint).

With no remaining federal law claims to consider, the Court declines to exercise supplemental jurisdiction over Allen's state law disability claim. The claim is remanded to the Jefferson County Circuit Court. *See Gamel v. City of Cincinnati*, 625 F.3d 949, 953 (6th Cir. 2010) (holding when all federal claims are dismissed before trial courts should usually remand the remaining state law claims).

## IV.   CONCLUSION

For these reasons, **IT IS ORDERED** that:

1) Defendants' motion to dismiss [DE 5] is **GRANTED**.

2) Plaintiff's remaining state law claim is **REMANDED** to Jefferson County Circuit Court.

February 14, 2024

Rebecca Grady Jennings, District Judge
United States District Court